UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.


KENDRA CULVER,

     Plaintiff,

v.

CELEBRATION CRUISE LINE, LLC
a Florida Limited Liability Corporation,
CRUISE OPERATOR, INC., a Florida corporation,
BAHAMAS PARADISE CRUISE LINE, LLC,
FLEETPRO OCEAN, INC., A Florida Corporation, and
CELEBRATION CRUISE LINE MANAGEMENT, LLC,

     Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff KENDRA CULVER, a citizen and resident of the

state of Florida, and files this Complaint against Defendants CELEBRATION

CRUISE LINE, LLC, a Florida limited liability company with its principal place of

business in Florida, Defendant CRUISE OPERATOR, INC., a Florida corporation

with its principal place of business in Florida, BAHAMAS PARADISE CRUISE

LINE, LLC, a Florida limited liability company with its principal place of business

in Florida, FLEETPRO OCEAN, INC., a Florida corporation with its principal

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

place of business in Florida, and CELEBRATION CRUISE LINE MANAGEMENT LLC, a Florida limited liability company with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.    This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.    Plaintiff KENDRA CULVER is sui juris and is a resident and citizen of the State of Florida.

3.    Defendant CELEBRATION CRUISE LINE, LLC, is a Florida limited liability company with its principal place of business in Broward County, Florida. For federal jurisdictional purposes, it is a citizen of Florida.

4.    Defendant CRUISE OPERATOR, INC, is a Florida corporation with its principal place of business in Broward County, Florida.   For federal jurisdictional purposes, it is a citizen of Florida.

5.    Defendant BAHAMAS PARADISE CRUISE LINE, LLC, is a Florida limited liability company with its principal place of business in Broward County, Florida.  For federal jurisdictional purposes, it is a citizen of Florida.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

6.      Defendant FLEETPRO OCEAN, INC, is a Florida corporation with its principal place of business in Miami-Dade County, Florida. For federal jurisdictional purposes, it is a citizen of Florida.

7.      Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC is a Florida limited liability company with its principal place of business in Broward County, Florida.  For federal jurisdictional purposes, it is a citizen of Florida.

8.      This court has subject matter jurisdiction in admiralty pursuant to 28 U.S.C. §1333.

9.      At all material times, the Defendants have all conducted ongoing substantial and not isolated business activities in Broward County, Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in general personam jurisdiction exists in the United States District Court for the Southern District of Florida over all Defendants under the Florida Long Arm Statute, Florida Statutes Section 48.193(2).

10.      At all material times, the Defendants have all operated, conducted, engaged in and carried on business in the State of Florida, and have had offices or agencies in the State of Florida.  As alleged below, the Plaintiff's cause of action

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

against each Defendant arises out of the Defendant's business activities operated, conducted and carried on within the State of Florida, specifically their operation of passenger cruises including the cruise on which the Plaintiff was injured as alleged below, so that specific in personam jurisdiction over each Defendant exists pursuant to Florida Statutes Section 48.193(1)(a)(1).

11.     In the operative ticket contract, the Defendants operating the cruise during which the Plaintiff was injured require fare paying passengers such as the Plaintiff to bring any lawsuit against them arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Thus, venue is proper in this district court.

12.     Furthermore, each Defendant's principal place of business is located in Broward County, Florida, within this district.  Accordingly, venue is also proper in this Court pursuant to 28 U.S.C. §1391.

13.     Plaintiff has complied with all conditions precedent to bringing this action, including providing the Defendants a timely written notice of claim as required by the ticket contract.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

## ALLEGATIONS COMMON TO ALL COUNTS

14.     The M/S "GRAND CELEBRATION" is a passenger vessel.

15.     At all material times, including the accident date of July 14, 2015, the and therefore was lawfully present aboard the vessel.

16.     At all material times, the Defendant or Defendants operating the M/S GRAND CELEBRATION owed the Plaintiff, as a fare paying passenger lawfully on board the cruise vessel, a duty of reasonable care for her safety.

17.     On or about July 14, 2015, while the Plaintiff was on board the M/S GRAND CELEBRATION as a fare paying passenger and while the Plaintiff was lying in bed in her stateroom, the ceiling fan in her stateroom without warning and unexpectedly fell on her, causing serious injuries.

18.     At all material times, the ceiling fan in Plaintiff's stateroom and its fixtures were under the exclusive possession and control of the Defendant or Defendants operating the M/S GRAND CELEBRATION.

19.     At all material times, the ceiling fan in the Plaintiff's stateroom would not have detached from the ceiling and fallen on the Plaintiff absent negligence in design, inspection, maintenance or installation of the fan.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

20.    At all material times, the ceiling fan and fixtures in Plaintiff's stateroom were defective and in a condition foreseeably dangerous to passengers in the stateroom in that they were inadequately affixed to the ceiling and hence unable to withstand foreseeable and normal stresses of operation of the vessel without becoming detached from the ceiling.

21.    At all material times, the ceiling fan and its fixtures had existed in the same or similar dangerous condition for a sufficient period of time before the Plaintiff's accident that the Defendant or Defendants operating the M/S GRAND CELEBRATION should have inspected, tested, and otherwise known of the dangerous condition and had an opportunity to correct it, warn passengers of it, or both.

22.    As an alternative to the allegations in the preceding paragraph, at all material times the Defendant or Defendants operating the M/S GRAND CELEBRATION actually knew of the dangerous condition of the ceiling fan and/or ceiling fan fixtures in the Plaintiff's stateroom.

23.    As an alternative to the allegations in the preceding two paragraphs, the Defendant or Defendants operating the M/S GRAND CELEBRATION created the dangerous condition of the ceiling fan in the Plaintiff's stateroom, through their

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

negligent or unsafe design of the fan and its fixtures, negligent or unsafe mode of installing the fan and fixtures, or both.

24.     Notwithstanding its or their constructive notice of, actual notice of, or creation of the dangerous condition of the ceiling fan and ceiling fan fixtures in Plaintiff's stateroom, the Defendant or Defendants operating the M/S GRAND CELEBRATION failed before the time of Plaintiff's accident of July 14, 2015 adequately to inspect and maintain the fan and fixtures, failed adequately to correct its dangerous condition, and failed adequately to warn passengers including the Plaintiff of the dangerous condition of the fan and fixtures.  The Defendant or Defendants operating the M/S GRAND CELEBRATION thereby failed to exercise reasonable care for the safety of passengers on board the vessel and were thereby negligent.

25.     The negligent acts and omissions of the operator or operators of the M/S GRAND CELEBRATION included one or more of the following:

a.     Failing to maintain the ceiling fan, its fixtures and or appurtenances in a reasonably safe condition;

b.     Failing to conduct adequate inspections and testing of the ceiling fan, its fixtures, or appurtenances;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

  c.  Failing adequately to maintain the ceiling fan, its fixtures, or appurtenances to prevent it from detaching from the ceiling and falling;

  d.  Failing to establish, implement, and enforce adequate policies and procedures for adequate inspection and maintenance of the ceiling fan, its fixtures, and appurtenances;

  e.  Failing to warn passengers including the Plaintiff of the dangerous condition of the ceiling fan, its fixtures and appurtenances;

  f.  Failing to correct the condition of the ceiling fan, its fixtures, or appurtenances through indicated repair or replacement prior to its falling upon and injuring Plaintiff;

  g.  Creating the dangerous condition of the ceiling fan, fixtures and appurtenances through improper installation, maintenance, design, or selection of materials;

  h.  Additional acts of negligence not yet discovered.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

26.     As a direct and proximate result of the ceiling fan's falling as described above and the negligent acts described in the preceding paragraph, the Plaintiff was injured in and about her body and extremities, suffered pain and suffering therefrom, sustained mental anguish, sustained disfigurement, disability and the inability to lead a normal life.  Furthermore, she sustained medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries, lost earnings and earning capacity, and sustained a loss of future earning capacity.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENCE AS TO DEFENDANT
## CELEBRATION CRUISE LINE, LLC

27.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 26 of this Complaint and further alleges the following.

28.     At all material times, Defendant CELEBRATION CRUISE LINE, LLC was engaged in the business of operating maritime cruise vessels for consideration paid by fare paying passengers, including the Plaintiff, and for this

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

purpose operated among other vessels the M/S GRAND CELEBRATION referred to in Paragraphs 1 through 26 above.

29.    At all material times, Defendant CELEBRATION CRUISE LINE, LLC was the entity operating the M/S GRAND CELEBRATION and accordingly was the entity having a duty of reasonable care for the safety of passengers including the Plaintiff.

30.    At all material times, Defendant CELEBRATION CRUISE LINE, LLC was the entity with exclusive control over the ceiling fan in the Plaintiff's stateroom and its fixtures and appurtenances.

31.    At all material times, Defendant CELEBRATION CRUISE LINE, LLC was the entity having constructive notice of, actual notice of, or creating the dangerous condition of the ceiling fan in Plaintiff's stateroom and its fixtures and appurtenances, as alleged in Paragraphs 21 through 23 above.

32.    At all material times, Defendant CELEBRATION CRUISE LINE, LLC was the entity failing to exercise reasonable care and engaging in the negligent acts or omissions described in Paragraphs 24 and 25 above.

33.    As a direct and proximate result of the negligence and failure to exercise reasonable care of Defendant CELEBRATION CRUISE LINE, LLC, the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

Plaintiff has incurred and will in the future incur the damages alleged in Paragraph

26 above.

WHEREFORE, the Plaintiff demands compensatory damages and costs

from Defendant CELEBRATION CRUISE LINE, LLC.

## COUNT II - NEGLIGENCE AS TO DEFENDANT
## CRUISE OPERATOR, INC.

34.    The Plaintiff adopts, realleges and incorporates by reference all

allegations of Paragraphs 1 through 26 of this Complaint and further alleges the

following.

35.    At all material times, Defendant CRUISE OPERATOR, INC. was

engaged in the business of operating maritime cruise vessels for consideration paid

by fare paying passengers, including the Plaintiff, and for this purpose operated

among other vessels the M/S GRAND CELEBRATION referred to in Paragraphs

1 through 26 above.

36.    At all material times, Defendant CRUISE OPERATOR, INC. was the

entity operating the M/S GRAND CELEBRATION and accordingly was the entity

having a duty of reasonable care for the safety of passengers including the

Plaintiff.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

37.    At all material times, Defendant CRUISE OPERATOR, INC. was the entity with exclusive control over the ceiling fan in the Plaintiff's stateroom and its fixtures and appurtenances.

38.    At all material times, Defendant CRUISE OPERATOR, INC. was the entity having constructive notice of, actual notice of, or creating the dangerous condition of the ceiling fan in Plaintiff's stateroom and its fixtures and appurtenances, as alleged in Paragraphs 21 through 23 above.

39.    At all material times, Defendant CRUISE OPERATOR, INC. was the entity failing to exercise reasonable care and engaging in the negligent acts or omissions described in Paragraphs 24 and 25 above.

40.    As a direct and proximate result of the negligence and failure to exercise reasonable care of Defendant CRUISE OPERATOR, INC., the Plaintiff has incurred and will in the future incur the damages alleged in Paragraph 26 above.

**WHEREFORE,** the Plaintiff demands compensatory damages and costs from Defendant CRUISE OPERATOR, INC.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

## COUNT III - NEGLIGENCE AS TO DEFENDANT
## BAHAMAS PARADISE CRUISE LINE, LLC

41.    The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 26 of this Complaint and further alleges the following.

42.    At all material times, Defendant BAHAMAS PARADISE CRUISE LINE, LLC was engaged in the business of operating maritime cruise vessels for consideration paid by fare paying passengers, including the Plaintiff, and for this purpose operated among other vessels the M/S GRAND CELEBRATION referred to in Paragraphs 1 through 26 above.

43.    At all material times, Defendant BAHAMAS PARADISE CRUISE LINE, LLC was the entity operating the M/S GRAND CELEBRATION and accordingly was the entity having a duty of reasonable care for the safety of passengers including the Plaintiff.

44.    At all material times, Defendant BAHAMAS PARADISE CRUISE LINE, LLC was the entity with exclusive control over the ceiling fan in the Plaintiff's stateroom and its fixtures and appurtenances.

45.    At all material times, Defendant BAHAMAS PARADISE CRUISE LINE, LLC was the entity having constructive notice of, actual notice of, or

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

creating the dangerous condition of the ceiling fan in Plaintiff's stateroom and its

fixtures and appurtenances, as alleged in Paragraphs 21 through 23 above.

46.    At all material times, Defendant BAHAMAS PARADISE CRUISE

LINE, LLC  was the entity failing to exercise reasonable care and engaging in the

negligent acts or omissions described in Paragraphs 24 and 25 above.

47.    As a direct and proximate result of the negligence and failure to

exercise reasonable care of Defendant BAHAMAS PARADISE CRUISE LINE,

LLC, the Plaintiff has incurred and will in the future incur the damages alleged in

Paragraph 26 above.

**WHEREFORE,** the Plaintiff demands compensatory damages and costs

from Defendant BAHAMAS PARADISE CRUISE LINE, LLC.

## COUNT IV - NEGLIGENCE AS TO DEFENDANT
## FLEETPRO OCEAN, INC.

48.    The Plaintiff adopts, realleges and incorporates by reference all

allegations of Paragraphs 1 through 26 of this Complaint and further alleges the

following.

49.    At all material times, Defendant FLEETPRO OCEAN, INC. was

engaged in the business of operating maritime cruise vessels for consideration paid

by fare paying passengers, including the Plaintiff, and for this purpose operated

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

among other vessels the M/S GRAND CELEBRATION referred to in Paragraphs 1 through 25 above.

50.    At all material times, Defendant FLEETPRO OCEAN, INC. was the entity operating the M/S GRAND CELEBRATION and accordingly was the entity having a duty of reasonable care for the safety of passengers including the Plaintiff.

51.    At all material times, Defendant FLEETPRO OCEAN, INC. was the entity with exclusive control over the ceiling fan in the Plaintiff's stateroom and its fixtures and appurtenances.

52.    At all material times, Defendant FLEETPRO OCEAN, INC. was the entity having constructive notice of, actual notice of, or creating the dangerous condition of the ceiling fan in Plaintiff's stateroom and its fixtures and appurtenances, as alleged in Paragraphs 21 through 23 above.

53.    At all material times, Defendant FLEETPRO OCEAN, INC. was the entity failing to exercise reasonable care and engaging in the negligent acts or omissions described in Paragraphs 24 and 25 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

54.     As a direct and proximate result of the negligence and failure to exercise reasonable care of Defendant FLEETPRO OCEAN, INC., the Plaintiff has incurred and will in the future incur the damages alleged in Paragraph 26 above.

**WHEREFORE,** the Plaintiff demands compensatory damages and costs from Defendant FLEETPRO OCEAN, INC..

## COUNT V - NEGLIGENCE AS TO DEFENDANT
## CELEBRATION CRUISE LINE MANAGEMENT, LLC

55.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 26 of this Complaint and further alleges the following.

56.     At all material times, Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC was engaged in the business of operating maritime cruise vessels for consideration paid by fare paying passengers, including the Plaintiff, and for this purpose operated among other vessels the M/S GRAND CELEBRATION referred to in Paragraphs 1 through 25 above.

57.     At all material times, Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC was the entity operating the M/S GRAND CELEBRATION and accordingly was the entity having a duty of reasonable care for the safety of passengers including the Plaintiff.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

58.     At all material times, Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC was the entity with exclusive control over the ceiling fan in the Plaintiff's stateroom and its fixtures and appurtenances.

59.     At all material times, Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC. was the entity having constructive notice of, actual notice of, or creating the dangerous condition of the ceiling fan in Plaintiff's stateroom and its fixtures and appurtenances, as alleged in Paragraphs 21 through 23 above.

60.     At all material times, Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC was the entity failing to exercise reasonable care and engaging in the negligent acts or omissions described in Paragraphs 24 and 25 above.

61.     As a direct and proximate result of the negligence and failure to exercise reasonable care of Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC, the Plaintiff has incurred and will in the future incur the damages alleged in Paragraph 26 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Culver v. Celebration Cruise Line, LLC et. al.,
CASE NO.

**WHEREFORE,** the Plaintiff demands compensatory damages and costs

from Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC.

Executed this 7th day of July, 2016.

**s/NICHOLAS I. GERSON**
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
filing@gslawusa.com
ibrito@gslawusa.com
**s/PHILIP M. GERSON**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
**s/EDWARD S. SCHWARTZ**
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:   (305) 371-6000
Facsimile:   (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com